UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDGAR MONTALVO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1377** |
| **UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL.** | **SECTION "K" (1)** |

**ORDER AND REASONS**

Before the Court is Plaintiff's Rule 59 Motion and Request for New Trial (Rec.Doc.No. 54). After reviewing the pleadings, memoranda, and relevant law the Court finds that Plaintiff's motion is without merit and denies the motion for the reasons assigned below.

The instant dispute centers arises out of alleged discriminatory conduct that occurred while Plaintiff was employed at the U.S. Department of Agriculture. The facts relevant to the allegations and this motion have been set forth previously by the Court. *See* Order (Rec.Doc.No. 53).

Defendant moved for summary judgment as to Plaintiff's Title VII claims, which included two hostile work environment claims and one claim of retaliation. The Court took this motion under submission on October 18, 2006. *See* Min. Entry (Rec.Doc.No. 43). Having reviewed the motion, memoranda, and applicable legal standards, the Court granted Defendant's motion and dismissed the action with prejudice. *See* Order (Rec.Doc.No. 53). On December 12, 2006, Plaintiff filed the instant Motion for New Trial pursuant to Rule 59 of the Federal Rules of

1

Civil Procedure. This motion was set for hearing on December 27, 2006.

## I. LEGAL STANDARD AND ANALYSIS

Plaintiffs' "Motion for New Trial" should more properly be designated as a motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *Ferguson v. Barnhart*, 2003 WL 21714987, at *1 (E.D. La. Jul. 21, 2003), (*quoting Peterson v. CIGNA Group Ins.*, 2002 WL 1268404 (E.D. La. Jun. 5, 2002)). *See St. Paul Mercury Insurance Company v. Fair Grounds Corp., et al.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990) (motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion); *Laverspere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 175 (5th Cir. 1990) (motion that challenges prior summary judgment filed within 10 days of judgment is brought under Rule 59(e)).

This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. *Peterson v. CIGNA Group Ins.*, 2002 WL 1268404, at *2. The Court has further recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly," *id.*, (*see* Wright, Miller & Kane, *Federal Practice & Procedure*: Civil 2d § 2810.1, p.124; *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D. La. Aug. 30, 1995), and the Fifth Circuit Court of Appeals

has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." *Id*. (*quoting Southern Contractors Group, Inc., v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir.1993)).

Plaintiff assigns the following errors: 1) the Court incorrectly held that the untimeliness of Plaintiff's complaint precluded recovery for those claims; 2) the Court erred when it made credibility determinations when reviewing the hostile environment claims; 3) the affidavit by Ms. Winters created an issue of fact as to whether Defendants reasons for the adverse employment action were pretext for discrimination; and 4) the exhibits taken as a whole militate against the granting of summary judgment. Mot. New Trial, at ¶¶ I-IV (Rec.Doc.No. 54).

The Court finds that these contentions do not justify the granting of the instant motion. Plaintiff has not shown that the Court committed manifest error in its application of the law, nor is there any new evidence presented by Plaintiff that would justify an alteration of the Court's previous findings. Moreover, Plaintiff has not demonstrated that there is a manifest injustice here, nor has there been an intervening change in controlling law.

All of Plaintiff's arguments were evaluated in the consideration of the Motion for Summary Judgment. Indeed, the Court went to great lengths affording Plaintiff multiple opportunities to present specific allegations that would justify a denial of summary judgment. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for New Trial (Rec.Doc.No. 54) is hereby **DENIED**.

New Orleans, Louisiana, on this   5th   day of January, 2007.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**